**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **LEROY WILLIAMS,** | ) | **CASE NO. 1:05CV1014** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Judge John M. Manos** |
| | ) | |
| **JAMES S. HAVILAND,** | ) | |
| | ) | |
| **Respondent.** | ) | **MEMORANDUM OF OPINION** |

On April 21, 2005, Leroy Williams, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) On January 11, 2006, a United States Magistrate Judge recommended that the petition be denied. (Docket No. 17.)

The Court finds that an evidentiary hearing is unnecessary. See Rule 8(a) of Rules Governing 2254 Proceedings; 28 U.S.C. § 2254(e). For the following reasons, the Court adopts the report and recommendation of the magistrate judge and the petition is **DENIED**.[1]

---

[1] Williams has not filed any objections to the magistrate judge's report and recommendation. Thus, he has waived his right to appeal. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981). Nonetheless, the Court will address his petition on the merits.

## I. FACTUAL BACKGROUND

On June 3, 2002, a Cuyahoga County Grand Jury indicted Williams on one count of aggravated murder with a firearm specification and one count of having a weapon while under disability. (Docket No. 12, Ex. 1.) Williams moved to bifurcate the weapons charge and have it tried to the Court. The motion was granted. (Docket No. 12, Ex. 2.)

On June 17, 2002, a jury trial began on the aggravated murder charge. On September 25, 2002, a mistrial was declared. (Docket No. 12, Ex. 3.) On September 30, 2002, a second jury trial commenced. At the conclusion of the state's case, Williams moved for acquittal pursuant to Ohio Crim. R. 29. He also moved to instruct the jury on the lesser included offenses of murder and manslaughter. The motions were denied. (Docket No. 12, Ex. 4.)

On October 4, 2002, the jury found Williams guilty of aggravated murder along with the firearm specification. The court also found him guilty of having a weapon while under disability. On October 10, 2002, he was sentenced to twenty years to life for the aggravated murder charge and one year for having a weapon while under disability. The sentences were run consecutively. In addition, he was sentenced to three years for the firearm specification, to be served prior to and consecutive with the other sentences. (Docket No. 12, Ex. 5.)

On March 12, 2003, Williams timely appealed, raising seven assignments of error:

1. The trial court erred in denying Appellant's motion for acquittal as to the charge of Aggravated Murder when the State failed to present sufficient evidence that Appellant acted with prior calculation and design.

2. Appellant's conviction of Aggravated Murder is against the manifest weight of the evidence.

3. The trial court erred in convicting Appellant of Having a Weapon While Under Disability.

> 4. The trial court erred by not instructing the jury on the lesser included offense of voluntary manslaughter.
>
> 5. The trial court erred by ordering convictions for separate counts of Aggravated Murder with a firearm specification and Having Weapon While Under Disability and felonious assault to be served consecutively, because the offenses are allied offenses pursuant to R.C. § 2941.25 and they are part of the same transaction under R.C. § 2929.14.
>
> 6. The trial court erred by ordering consecutive sentences without making the appropriate findings required by R.C. § 2929.14(E)(4).

7. The trial court erred when it sentenced Appellant to the maximum sentences without making the appropriate findings.

(Docket No. 12, Ex. 6.) On July 24, 2003, the court of appeals overruled all seven assignments

of error and affirmed the judgment of the trial court. (Docket No. 12, Ex. 8.)

On September 11, 2003, Williams filed a timely notice of appeal to the Ohio Supreme

Court, raising one proposition of law:

> An appellate court commits reversible error by ruling that the prior calculation and design element was satisfied even though the homicide occurred where there was an "almost spontaneous" eruption of events.

(Docket No. 12, Ex. 9.) On November 26, 2003, the Ohio Supreme Court denied leave to

appeal. (Docket No. 12, Ex. 11.)

On April 21, 2005, Williams filed the instant petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2254. (Docket No. 1.) He raises one ground for relief:

> Petitioner's conviction for Aggravated Murder was not supported by the sufficiency of the evidence on each and every element of the crime, in violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

(Docket No. 1, at 12.) On August 29, 2205, James S. Haviland, Respondent, filed a brief in

opposition. (Docket No. 12.)

## II.    STANDARD OF REVIEW

This petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which allows a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner with respect to any claim that was adjudicated on the merits in two limited circumstances: (1) if the state court decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;" or (2) if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1-2).

A state court decision is "contrary to" clearly established federal law "if the court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000); Lorraine v. Coyle, 291 F.3d 416, 421-22 (6th Cir. 2003). A state court decision constitutes an "unreasonable application" when "the state court identified the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.; Lorraine, 291 F.3d at 422.

However, a state court decision is not unreasonable simply because the federal court concludes that it is erroneous or incorrect. Id. at 411; Lorraine, 291 F.3d at 422. Rather, the federal court must determine whether the state court decision is an objectively unreasonable application of federal law. Id. at 410-12; Lorraine, 291 F.3d at 422.

The pleadings of *pro se* petitioners are held to less stringent standards than lawyers and are liberally construed. Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004).

### III. LAW AND ANALYSIS

As a general rule, a state prisoner must exhaust all possible state remedies before a federal court will review a petition for a writ of habeas corpus. See 28 U.S.C. § 2254(b). Indeed, a state prisoner must complete one full round of the state's appellate review system. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied once the federal claim has been "fairly presented" to the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000) (citing Franklin v. Rose, 811 F.2d 322, 325 (6th Cir. 1987)). In order for a claim to be considered "fairly presented," the state prisoner must have asserted both the factual and legal basis for his claim to the state courts. Id. The Sixth Circuit relies on four factors to determine whether a federal claim has been "fairly presented" to the state courts: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. Id.

Here, Williams' sole ground for relief raises a sufficiency of the evidence claim. This claim corresponds to his first assignment of error on direct appeal. (Docket No. 12, Ex. 6a1, at 10-14.) However, in his direct appeal, he did not cite to federal cases employing constitutional analysis, nor did he phrase his claim in terms of constitutional law. Indeed, he never even cited to the U.S. Constitution. Rather, he relied exclusively on state law and his conviction was affirmed accordingly. (Docket No. 12, Ex. 8.) However, he did cite to State v. Jenks, 61 Ohio

-5-

St.3d 259 (1991), which employed some constitutional analysis.  Moreover, sufficiency of the evidence claims rely on similar propositions of law regardless of whether they are raised under state or federal law.  Compare State v. McKnight, 107 Ohio St. 3d 101, 112 (2006) with Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) and Scott v. Mitchell, 209 F.3d 854, 885 (6th Cir. 2000).  Because it is a close call, the Court will give Williams the benefit of the doubt that he did exhaust his sufficiency of the evidence claim and address it on the merits.

In order to establish a sufficiency of the evidence claim, the relevant inquiry is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Scott, 209 F.3d at 885 (quoting Jackson, 443 U.S. at 319).  The inquiry is not whether the jury made the correct determination of guilt or innocence, but whether it made a rational decision to acquit or convict.  Herrera v. Collins, 506 U.S. 390, 402 (1993).  Indeed, a jury verdict should only be impinged upon to the extent necessary to guarantee the fundamental protections of due process of law.  Scott, 209 F.3d at 885 (quoting Jackson, 443 U.S. at 319).

Here, Williams argues that the state did not prove the element of "prior calculation and design" beyond a reasonable doubt.  Ohio Revised Code, Section 2903.01(A) states in relevant part, "[n]o person shall purposely, and with prior calculation and design, cause the death of another."  To determine the existence of prior calculation and design, Ohio courts focus on four factors:

> (1) whether the accused knew the victim prior to the crime, as opposed to a random meeting; (2) whether the relationship between the accused and the victim was strained; (3) whether the accused used thought and preparation to decide on the weapon or the site of the homicide; and (4) whether the act was drawn out over a period of time as opposed to an "almost instantaneous eruption of events."

State v. Richardson, 103 Ohio App. 3d 21, 24 (1st App. Dist 1995) (quoting State v. Jenkins, 48 Ohio App. 2d 99, 102 (8th App. Dist. 1976)).

On appeal, the state court of appeals concluded that sufficient evidence existed so that a rational trier of fact could have found that Williams acted with prior calculation and design. (Docket No. 12, Ex. 8.)  The evidence at trial established that on the day of the murder, Williams and Marvin Chandler exchanged words.  (Tr. at 866.)  Thereafter, Williams discussed the incident with a friend and showed him a chrome-plated revolver.  (Tr. at 831-32, 71.)  That evening, Chandler was seen walking by Williams' house.  (Tr. at 619, 623-25, 793, 866.)  Upon seeing Chandler, Williams stated, "That's the motherfucker that said something to me earlier today."  (Tr. at 619.)  He then stated, "Hey, motherfucker, what did you say to me earlier today?  Why don't you say that shit now."  (Tr. at 624.)  Chandler continued to walk away, responding that he did not know Williams.  (Tr. at 680.)  Williams then ran from his porch and confronted him.  (Tr. at 625.)  A neighbor tried to end the confrontation, but Williams continued to swear and cuss at Chandler.  (Tr. at 625-26.)  Williams then spat on Chandler and ran into the house. (Tr. at 626, 796, 867.)  Chandler took off his coat in preparation for a fight.  (Tr. at 797, 867.)  After a few moments, Williams reappeared with the chrome-plated revolver, held it at his side so that Chandler could not see it, and shot him in the chest.  (Tr. at 629-31, 682-85 705, 798-99.)

Based on this evidence, reasonable minds could conclude that the state set forth sufficient evidence to establish that Williams acted with prior calculation and design.  Williams cites four cases to support his assertion that the state's evidence was insufficient.  However, all four cases are easily distinguishable.  Indeed, each case involved an isolated incident between strangers that led to murder.  See State v. Reed, 65 Ohio St. 2d 117 (1981) (defendant shot police officer after

being pulled over); State v. Mulkey, 98 Ohio App. 3d 773 (10th App. Dist. 1994) (defendant stabbed victim during chance encounter); State v. Davis, 8 Ohio App. 3d 205 (8th App. Dist. 1982) (defendant shot victim during altercation at bar); State v. Jenkins, 48 Ohio App. 2d 99 (8th App. Dist. 1976) (defendant shot victim during chance encounter).  The critical difference in the instant case is that the encounter between Williams and Chandler was not isolated.  Indeed, the two men had an encounter earlier in the day.  Then, while discussing the incident with a friend, Williams produced a gun.  Upon seeing Chandler later in the day, he shouted, "Hey motherfucker, what did you say to me earlier today?  Why don't you say that shit now."  He then confronted Chandler, spat on him, ran into the house, retrieved the same gun he had produced earlier in the day, hid it so that Chandler could not see it, and then shot him in the chest.

Although the period of time was brief, a rational trier of fact could conclude that Williams had formed a calculated decision to commit murder.  The state court of appeals reached a similar conclusion, albeit focusing on state law.[2]  Williams has not demonstrated that this decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.  Thus, his sufficiency of the evidence claim lacks merit.

## IV.    CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.  The Court certifies that an appeal cannot be taken in good faith because Williams has not made a substantial showing of the denial of a constitutional right.  See Federal Rule of Appellate

---

[2]   Again, the fact that the state court of appeals relied on state law is insignificant in this case because both federal and state law rely on the same propositions of law to establish a sufficiency of the evidence claim.

Procedure 22(b); 28 U.S.C. § 2253(c). The Court also certifies that a motion to proceed *in forma pauperis* on appeal cannot be well taken. See 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**


**Date: February 24, 2006**              */s/ John M. Manos*
                                         **UNITED STATES DISTRICT JUDGE**